Michael E. Wheatley, Plaintiff Appellee vs. Jack D. Wood, Defendant Appellant. Oral Argument not to exceed 15 minutes per side. Mr. Zay for the Appellant, you may proceed. May it please the Court and Counsel, if the defendant is a plaintiff, We're appealing basically two decisions made by the Bankruptcy Court. One was a denial of our motion to amend our answer, and the other is the summary judgment that followed. The answer... Are you no longer worried about the settlement order? We made a motion to amend the answer. You're appealing the denial of that motion, and the grant of summary judgment. I was given to understand that you were also concerned about the settlement order. Is that off the table now? Yes, we're not worried about that at this point. Just to get right into the law on this, motions to amend pleadings are generally supposed to be freely granted. Unless there's some undue hardship on the opposing party in the case. The Bankruptcy Court gave three reasons for denying that motion. One was an undue delay. One was an undue hardship on the trustee of Appellee. And the other was that it would be the futility of the amendment. Basically it would be futile because any amendments we would make would be barred by judicial estoppel. Appellee has argued that judicial estoppel isn't relevant in this case. It is relevant with regard to our motion to amend our answer. If the amendment had been permitted, how would that have changed the summary judgment response? That's a good question. The summary judgment relies very heavily on the idea that the defendants made judicial admissions in their answer. In fact, it relies almost entirely on that because there's no other documentary evidence that really strongly shows that there was a joint venture in this case. Let me ask you this. You mentioned the joint venture. Are the bank account transfers off the table too, like the settlement order? No, we are still arguing that those should not have been granted either. The judicial admissions can be resolved easily by amendment of the pleadings to make it more clear. Our contention is that those pleadings were ambiguous. The responses were ambiguous. For example... Even in your amended answer, Mr. Wood basically left undisputed that the transfers were specifically to avoid an impending final judgment against the debtor. Now, there was a denial as to the ultimate conclusion about actual intent to interdelay or defraud creditors, but it was denied about the specific purpose of it only to the extent that they alleged that the mother-in-law ever could have claimed a right to it. And so fundamentally, it was undisputed that even in the amended answer that the purpose of this was to avoid a judgment. Did that not shift the burden to Mr. Wood to come forward with something in response? I think that would be one element of the law in the assessment. One element of the statute is that the transfer was done to avoid the creditor. However, I think that presumes that the creditor is a creditor of the person taking the money. In this case, the money was Jack Woods. He's asserted that throughout the case. It's been on the record that he added his daughter's to those accounts so that they could sign checks for him from time to time. At least with regard, certainly, to the PNC bank accounts. So, yes, he did testify and he agreed in his answer that he testified in the motion to convert in the main case. I took this money out of those accounts knowing my daughter's name was on it. He did not agree that that was her money. Only that her name was on the account and he foresaw that that could become an issue if she declared bankruptcy. And so, we're admitting, I guess, one element of the statutory requirements without admitting all of them in that. You indicated earlier that you thought you were amending because you thought the answer was, or I guess the admission of certain allegations in the complaint was unclear. Specifically, I think you're referring to like paragraph 33, 4, 5, somewhere in there. That's correct. What's unclear about paragraph 89? Within the two year period prior to the petition date, the debtor possessed at a minimum 20% interest in a real estate rental business. Admit it. What's unclear about that? That wasn't part of the court's analysis. I'm not sure about that one, but I do know that this was prepared pro se at the time. There were other inconsistencies within the document. There were interrogatories propounded upon us from the trustees council asking us to clarify contradictory statements in there. The case had also gotten to a point where we were trying to mediate it. So, the case had gotten to where we're going to have a mediation within a year of the case starting. We had a mediation. We reached a settlement agreement. We then waited roughly eight months from the time we had a settlement agreement for that motion for the approval of that agreement to that ultimately be denied. The very next thing that happens in the case is we go, well that's been denied. So, I'm now counsel. Let's look at our pleadings and make sure they're clear and make a motion to amend those. I'm sorry, Judge. While we're on the timetable aspect of it, the motion to amend was denied the day after the motion for summer judgment was filed. So, Mr. Wood had another 20 days to respond to the summer judgment motion even after knowing the motion was denied. Wouldn't this all be sort of moot if instead of trying to rely upon a proffered amended answer, he had simply filed something in response under oath saying the things you're talking about here, about the bank account, about the existence of the interest in the joint venture. Instead, nothing, absolutely no evidence was presented in response to summer judgment. Even after knowing that relying upon an amended answer was not going to work. I would, and that's something brought up in the athlete's brief, I would dispute that point to the extent that there was nothing attached exhibit wise to that response to the motion for summer judgment. However, there are several references to the record and to exhibits that were attached to the motion for summer judgment. We reference the interrogatories that were responses. We reference the prior testimony and other elements of the record throughout. It's not overly voluminous, but we do reference the record and Jack Wood's responses to interrogatories which are given essentially under oath. We believe that serves the same purpose as an affidavit would, to refer back to those to support our contentions. Rather than having him simply say perhaps an attachment that all the allegations above are true and correct under oath, Mr. Wood's adding his Why not? Perhaps an oversight, perhaps a sense of futility at that point with how the court had been handling the case. Well, I'm looking at the disputed material facts, which is just two and a half pages in the response. The only reference I see to any exhibit or anything is about the existence of an antecedent debt. The statement that says the debtor never possessed an ownership interest in PNC accounts, etc. There's no reference to the record whatsoever to support that. The statement about never having an interest in the closed accounts, there's no statement from the record. I mean, basically, the only thing, I mean, I don't even see any references except to exhibit B dealing with the dispute over whether there was an antecedent debt. So, I mean, how is there a disputed fact on the basic issues that we're talking about here? There was, let's see, page 8 of that response, talking about the real estate business interest, we referenced the responses to inter-arbitraries. Page 9, we referenced the record itself. And I think that appears to be it. But we do reference documents that support what we're putting forth here. And we do dispute the bank accounts throughout as well. Well, there's no question you make legal arguments that talk about all sorts of disputes. I mean, you dispute nearly everything just as a matter of statement in the brief. But in terms of what's actually putting something in the record to contradict the summary judgment motion, it's mostly just argument, not evidence. Well, if I may come back to the motion to amend the answer, that, had we been allowed to amend that answer, we could have resolved a lot of these issues. And that would have prevented this from being an issue. But if you amended the answer, so you'd have an amended answer, and the 6th Circuit tells us time and time again, the party opposing a motion for summary judgment can't rest on its pleadings. So even amending the answer wouldn't get you to meet a summary judgment standard, a summary judgment burden of production, would it? If there's enough evidence in the record to make the trustees' prima facie case without relying on judicial admissions in an answer, who cares whether you have a prima facie case without those judicial admissions? I don't think they think that either. There's testimony from the motion to convert that said, yeah, I see the handwriting on that 2016 tax return, which I prepared for my daughter, and 20%, that's her share of the joint venture. There's testimony, okay, you might contradict it with an affidavit in response to a summary judgment motion, assuming you can contradict your own sworn testimony, which there may be some question about that. But where is that? So that's sworn testimony. He contradicts himself within the same testimony, if you review that record. He's very ambiguous. Judicial estoppel, the standard has to be unequivocal statement, judicial admissions. This is what he said, we're relying on this. He said there was a joint venture, he said she had 20% interest. Now it's up to you in response to that showing, because that may be evidence from which a reasonable fact finder could find a 20% interest. So where do you go from there? And in my response, we refute that by citing to that record, to that same testimony, and I pointed the bankruptcy court's attention to, if you don't basically quote mine and take these two quotes out, if you read the entire page, you will see he says, well, she never shared any profits. She had no awareness of any of this was even happening. She didn't even do her own taxes. I was basically apportioning my tax liability to her to benefit her. She had no part in this. He expressed some hope at some point she might take an interest in the family business, but she never participated in any way to create any kind of legal joint venture. And I pointed that out to the bankruptcy court. I feel like it was ignored in their final judgment. I have ten seconds left if you'd like another question before I sit down. Okay, thank you. And I'm reserving two minutes for rebuttal. Good morning. May it please the court, counsel, I would like to start by discussing a couple of the issues that this court raised on its own that counsel were notified of. And the first is that this appeal has been rendered moot due to the fact that Jack Wood appealed the bankruptcy court's final and appealable order and that the appellee is only pursuing collection against Margaret Wood. The appellee has filed a foreclosure action on seven properties owned solely by Margaret Wood. And since the debtor by counsel has orally waived any claim to the judgment proceeds, the appellee does not anticipate any further collection action other than the foreclosure action that is currently pending. The judgment as to Margaret and Jennifer Wood is final. And even if this court were to reverse or remand on some basis, it would not affect the appellee's right to collect the judgment against Margaret or Jennifer Wood. The Supreme Court in Dufounis v. Odegaard held that federal courts are without power to decide questions that cannot affect rights of litigants before them. So the reason it couldn't affect the right of the litigant before us on your argument, at least as I understand it, is that your clients decided not to pursue Jack Wood? That is correct. So are you willing to say today we're waiving our judgment as against Jack Wood? We're not willing to say that. We believe that the court made a proper and informed decision and we believe that decision should be upheld. But for purposes of mootness, the judgment is only being pursued against Margaret Wood. But because that's what your client is doing right now. But your client could pursue it against Jack? That's correct. I mean, certainly my client could pursue it against Jack. You're not willing to waive it as against Jack? I'm not willing to waive that, no, Your Honor. I'm not seeing the mootness there. Isn't there also an issue if Margaret and Jennifer or Margaret primarily, I guess, would seek contribution from Jack? Does that factor in at all? I mean, I guess that's possible. There's been no claim in this proceeding at all. They were represented initially by Jack and now Mr. Zayas took over their representation. There's been no claim for contribution throughout this case. So the second matter that was raised by this court that was not included in the briefs is that the solvency issue has been raised by this court. There's no justification that we should consider whether the debtor was insolvent. But the solvency determinations raised by this court have been waived. A waiver is an intentional relinquishment or abandonment of a known right. Any party waives or abandons a known right by failing to raise the argument before the trial court. And in this particular case, the appellant did not raise solvency in his response to the motion for summary judgment. He did not make it an issue in this case, nor did he address it in any form or fashion in his brief. And we believe that that issue has been waived and it should not be an issue that's considered by this court. Is this going to be a 100% payout to the creditor? Well, yes. That's the problem, isn't it? We're looking at the creditor here is going to get a 100% plus interest on our judgment and we have an underlying finding of insolvency. Well, this is an interesting case in the sense, Your Honor, that the only parties that are to be compensated right now from the proceeds of this litigation are counsel for the trustee, myself, and counsel for the primary creditor. While this case was pending, a third party, a relative of the debtor, paid the judgment that was owed to the primary creditor in this case. Okay. I don't know if that was a fact that we were aware of. But at the other, there is still a possibility that we could have a late filed claim even though it would be subordinated to whatever administrative claims. Theoretically, someone could come in and file a claim. The only creditors that were listed by the debtor were Ms. Gersteneker, the primary creditor. Her parents obviously have had more than enough time to come in and file a claim if they so chose and they have not done that. I would like to address the issues that have been raised by the appellant. The first issue that the appellant raised was that the court improperly relied on judicial estoppel. It is our position that the court never relied on judicial estoppel in granting the appellee's motion for summary judgment. There is nothing in the opinion that states that summary judgment was granted based on judicial estoppel. The issue of the court's memorandum of opinion denying the motion for settlement. There was discussion in that opinion based on judicial estoppel. But it was not a reason for granting summary judgment in this particular case. The appellant did concede in the case that the appellant denied the summary judgment creditor from garnishing. Your Honor pointed out also the answer to paragraph 89 of the plaintiff's complaint where that admission was made as well. The second issue that was raised on appeal by the court was well within its discretion in finding that the appellant's answer to the complaint constituted judicial omissions. As all parties know, this is reviewed under the abuse of discretion standard. The court's determination that a statement qualifies as a judicial omission stands unless the panel is fully convinced that a mistake has been made. And under federal law, stipulations and admissions are generally binding on the parties and the court and are binding on appeal as well. The appellant argues, yes, I made these admissions, but they were not true. And that because they're not true, they shouldn't be held as judicial omissions. In reference to the joint venture, the appellant would admit or deny throughout this case and before this case, its existence based on what benefit he or his family would receive. So certain times there was a joint venture when he wanted to get tax benefits for his family, there was a joint venture. When it became an issue in the bankruptcy and at the time of the settlement hearing, all of a sudden at that point in time there was no joint venture. If the decision had relied upon bad faith based upon the respective changing of positions rather than judicial estoppel, would that have been more proper? Well, I think the court did rely a certain degree on bad faith here. I think that was certainly a consideration that this court, the judge wrote a pretty extensive opinion addressing each of the causes of actions that the plaintiff raised. And certainly if not expressly stated, it was implied that there was bad faith throughout this case. Judge Stout had this case for over two years, this adversary proceeding. He had gone through three extensive hearings with regard to Jack Wood's testimony and he was very familiar with the facts and the circumstances surrounding this case. Going back to the judicial admission as part of the answer, from 2013 to 2016 the joint venture existed for purposes of his tax returns that were filed by Jack Wood on behalf of his daughter, the debtor. And when the debtor did make a motion, as the court mentioned previously, to convert the Chapter 7 to a Chapter 13, the appellant testified that the joint venture did not exist. And in his answer, he stated and admitted that there was a joint venture. Counsel, you were involved at the trial level for the trustee. And in opposing the motion to amend the answer, your argument was, as I read it anyway, exclusively law of the case, judicial estoppel. Was there any prejudice, or would there have been any prejudice from permitting the amendment at that point, given that you previously had testified in support of the settlement that you couldn't prove the joint venture existed? Well, there would be prejudice, Your Honor, because number one, a trial date had been set. We were set to go to trial very soon after the motion for summary judgment was when we got an opinion from the motion for summary judgment. And so that's number one. Number two, there would have had to be additional discovery. I mean, with regard to if he had allowed an amended answer, there would have had to have been additional discovery to follow up on the issues raised in that answer. And there was also prejudice to the creditor in this case. Ms. Gersteneker had employed counsel who put a lot of time and effort into this case. And an amended answer and that counsel on behalf of Ms. Gersteneker obviously like trustee's counsel at the time of motion for summary judgment relied on the pleadings that were present in that case. So yes, I think there would have been prejudice to not only the trustee but also the creditor as well. In order to qualify as judicial admission, statements must be deliberate, clear, and unambiguous. But they do not have to be true. The bankruptcy court in denying the motion to settle concluded that the debtor owned a 20% interest in the real estate joint venture at some point. So the bankruptcy court had an all day hearing on the motion to settle, came back with extensive findings of fact, conclusions of law, denying the motion to settle. And the bankruptcy court made these conclusive findings of fact in its opinion denying the motion to settle based on judicial admissions. Not entirely but certainly that was a major point in which the bankruptcy court relied on. And thus when that opinion was finalized, the finding became not only law of this case but also binding on the parties and clearly supported the entry of summary judgment. But of course the law of the case doctrine isn't binding on the appellate court. I'm sorry? The law of the case doctrine isn't binding on the appellate court. In other words, we are free to reconsider. That is true. It's certainly de novo and the court could consider its own legal issues in reaching that decision. But we believe that Judge Stout wrote a very extensive, well thought out opinion that went through each of the causes of action that the plaintiff raised in this case and properly decided. My time is up. I would like to ask this court to affirm the decision that their summary judgment was properly entered and I thank you for your time. Mr. Zabe, before you start, one quick question. You said earlier that you were no longer pursuing the settlement order appeal, but as you just heard, the argument is that settlement order included a finding about the 20% ownership interest and whether it's binding or not in terms of the law of the case. I'm a little confused about whether, I mean, if you're not disputing the settlement order which included that finding, how do we not take that into account for purposes of summary judgment? I think that settlement order is, in my reading of it, it's more speculative of this is why I'm denying this settlement because it seems as though one of the elements of denying the settlement is the chances of success of the litigation. And I don't think the judge was making hard findings of facts so much as saying it seems as if there is a good chance of success in the litigation. So that's how I would respond to that. Back to the judicial admissions because that's key. Back to our motion to amend the answer. I dispute that there would be any prejudice to the trustee if that had been amended. The whole case, the trustee had the answer for a year at that point. The whole case had been litigated and all discovery conducted as if the appellant was denying the proof of settlement. The trustee was still presenting that argument. Still presenting the argument that we have done discovery on this and we can't find any proof. I think there may have been a new burden on the creditor in some sense, but I think that would be between the trustee and the creditor at that point. The trustee standing in the shoes and collecting for them. So the basis, our argument is the basis for the denial of a motion to amend was not strong enough in this case. It's supposed to be freely given. The time delay is completely justified by the pace of the case and it being waiting for a ruling on a motion for settlement. The very first thing that happens in the case after that motion is denied is a motion to amend the answer. And that's because we read the judge's opinion and said, oh, this is a new angle. So we're going to. I don't understand why the denial was material to your response to the summary judgment. I'm out of time judge, but I can answer. I think you can answer. Okay. It was material because we can amend our answer. It changes the summary judgment motion completely and maybe even makes it inappropriate because I do think they completely rely on those judicial admissions for their summary judgment. That's their proof. So for us to find the denial of the amendment material, we would have to find that the trial court relied on the judicial admissions. I think that's fair. Yes. Thank you. Further further matter submitted. Honorable court is now adjourned.